**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

**No. 5:11-CR-00183-H-4**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| REGINALD GOODE | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion for grand jury testimony [DE-132]. The government has responded [DE-162], and the matter is ripe for decision.

On June 21, 2011, Defendant was charged, in two counts of a four count indictment, with conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack), five kilograms or more of cocaine, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 846, and aiding and abetting and possession with intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Prior to indictment, Defendant entered into a "proffer agreement" with the government, under which he was debriefed and provided, among other things, self-incriminating information. However, under the proffer agreement, the Government agreed not to use against Defendant any information he provided.

Defendant believes that "a testifying witness related the self-incriminating information contained in the proffer agreement to the members of the grand jury" and that "[t]he disclosure of this information resulted in the Defendant being indicted." Def.'s

Mot. ¶ 3 [DE-132]. The government responded that Special Agent Steve Staton with the North Carolina State Bureau of Investigation presented the case to the grand jury and that no information provided by Defendant during the proffer interview was offered for the grand jury's consideration. Gov't Resp. at 3 [DE-162].

Grand jury proceedings are governed by Rule 6 of the Federal Rules of Criminal Procedure, which mandates that grand jury matters not be disclosed, but for certain exceptional situations. Fed. R. Crim. P. 6(e)(2). Defendant argues that this is such an exceptional situation, because "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A defendant must establish a particularized need to compel early disclosure of grand jury transcripts. *United States v. Stroop*, 121 F.R.D. 269, 276 (E.D.N.C. 1988).

Defendant has articulated no foundation for his belief that the government violated the proffer agreement. Furthermore, the government has indicated that the agent who testified before the grand jury offered no information provided by Defendant during the proffer interview. Accordingly, Defendant's motion is **DENIED**.

This 12th day of September, 2011.

DAVID W. DANIEL
UNITED STATES MAGISTRATE JUDGE